Gordon Everton Trowers
Register No. 19118-424
Federal Correctional Complex
Post Office Box 1031, -- Low Facility
Coleman, FL  33521-1031

FILED
9-2-2008
SEP 0 2 2008
SEP 02 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

August 25, 2008

LEGAL MAIL
COURT-RELATED COMMUNICATION
The Honorable Milton I. Shadur
Senior United States District Judge
U.S. District Court
Northern District of Illinois
Chicago Trial Division
Dikrsen Federal Building & U.S. Cthse.
219 S. Dearborn Street, Room 2303
Chicago, Illinois 60604

DEFENDANT'S REQUEST TO SEEK AN
ADJUSTMENT OF HIS SENTENCE UNDER
U.S.S.G. § 5G1.3(b) AND/OR PURSUANT
TO 28 U.S.C. § 2255

Re:   United States of America v. GORDON EVERTON TROWERS,
      Criminal Docket No. 06-CR-00769-1 (MIS)

08CV4979
JUDGE SHADUR
MAG. JUDGE ASHMAN

Dear Judge Shadur:

   Your Honor, the undersigned appeared before this Honorable Court back on April 10, 2007, for sentencing, after having been convicted of violation of federal criminal statutes. At that time, this Court did impose a judgment, in where the punishment was to run until December 2011, that included "all jail credit shall be given" against the court's term of imprisonment. Then, on April 27, 2007, this Court issued an "amended" Judgment & Commitment pursuant to Fed.R.Crim.P. 36. This new order did indeed supercede [t]he "April 10, 2007" judgment and such new order had specifically imposed the following:

>   "The Defendant is hereby sentenced to serve a
>   term of imprisonment for 61-months and 15-days...
>   and shall receive all jail credit against this
>   sentence..."

   The purpose for entertaining and submitting such a request is based on the following reasons. One, during the course of Defendant's current incarceration within the Federal Bureau of Prisons at FCC-Coleman Complex, the BOP will not apply jail credit between the dates of "November 6, 2006 to April 9, 2007", which is time served while in federal custody as a result of this federal case, at the Metropolitian Correctional Center-Chicago. Since Defendant had been given a "state" sentence, nonetheless, Defendant remained in exclusive "federal custody". Two, since this Honorable Court imposed a "concurrent" sentence, under the guideline framework set forth under U.S. Sentencing Guidelines § 5G1.3(b), the court expressed its J&C orders dated April 10, 2007, and then, 'revised' on April 27, 2007, by have stated, " ... Defendant's federal sentence is to run fully concurrent to his 'state imposed term of imprisonment". Three, the issue of "jail credit" becomes a common problematic scenario for this Court because as

Letter to Senior USDJ Shadur
Re: USA v. Trowers, #06-CR-769-1
August 25, 2008
Page Two of Three

---

defined at Title 18 U.S.C. § 3585(b), the Attorney General is vested with the exclusive authority to issue jail credit in accordance to both federal statute and those policies set forth by the Federal Bureau of Prisons, as mandated and determined by the U.S. Supreme Court. Fourth, the Court has discretion and authority to utilize the sentencing guidelines in an "advisory" context ... specifically, under 5G1.3(b), that [a] federal sentence shall be imposed to run concurrent to another sentence.

In sum, Defendant's argument is the following. The National BOP Designation & Sentence Computation Center (Grand Prairie, Texas) will not issue the requested "jail credit" dating from "November 6, 2006 to April 9, 2007", while serving federal pre-trial custody at MCC-Chicago, that had not been credited against this federal sentence. Under § 3585(b), this time reflects time that had been applied against his "state-imposed" sentence, and therefore, the BOP is precluded from awarding, what they deemed to be a form of "double-credit", which is forbidden. Within this Defendant's computed federal sentencing computation, he asserts he was given a total of fifty-six (56) days "jail credit" from "September to November 5, 2006", but not from any of the above listed time frame. (See and refer to a copy of Defendant's most recent Sentence Computation attached hereto). Since this Court treated its sentence to run "fully concurrent" to his already imposed "state" sentence, the Court does not have authority to apply "jail credit" under § 3585(b). However, on the other hand, as a possible remedy, this court can either use its discretion to treat this matter as a request under § 2255 asking this court to (i) vacate, (ii) correct or (iii) under § 5G1.3(b) to adjust the April 24, 2007, judgment to slightly depart downward the 61-months & 15-days federal sentence to 56-months & 15 days, as a means to account for the "jail credit" from "November 6, 2006 to April 9, 2007" that had not been "credited" by the BOP nor applied against his federal sentence, which represents custodial time he served while in exclusive U.S. Marshal's custody at MCC-Chicago awaiting sentencing by this Court. This request is to be sought as an "adjustment", that will not engender any potential confusion under § 3585(b), but should the court be inclined to "adjust" the sentence, such order will be clearly reflected in its J&C, so the BOP will properly and correctly calculate the court's sentence, which will account for the "jail credit" that this Honorable Court had originally ordered, but, did not realize that it was precluded from awarding "jail credit", however, is not precluded to make an "adjustment" under § 5G1.3(b).

A true copy of this documentation had been forwarded as per those procedures at Fed.R.Crim.P., by having placed these documents in the outgoing (prison) legal mailbox, affixed with sufficient first-class postage and was addressed to both the U.S. Attorney and to previous defense counsel of record, accordingly.

Letter to Senior USDJ Shadur
Re: USA v. Trowers, #06-CR-769-1
August 25, 2008
Page Three of Three

---

    The court's reply regarding this matter would be greatly and sincerely appreciated.

                                       Respectfully submitted,

                                       Gordon Everton Trowers
                                       Defendant-Petitioner

Distribution:

Jeffrey Steinbeck, Esq.
Attorney-at-Law
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604

Daniel May, Esq.
Assistant U.S. Attorney
United States Attorney Office
ND of Illinois -- Chicago Division
Dirksen Fed. Bldg. & Cthse.
219 S. Dearborn Street
Chicago, IL 60604

District Clerk
Office of the Clerk
ND of Illinois -- Chicago Trial Division
Dirksen Fed. Bldg. & Cthse.
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604

File Copy

Attachment:
   BOP Sentencing Computation

```
   COMSQ   540*23  *           SENTENCE MONITORING        *    12-25-2007
   PAGE 001         *             COMPUTATION DATA        *    14:25:28
                                  AS OF 12-25-2007

REGNO..: 19118-424 NAME: TROWERS, GORDON E


FBI NO............:                        DATE OF BIRTH: 10-03-1961
ARS1..............: COM/A-DES
UNIT..............: B 3-4                  QUARTERS.....: A04-115U
DETAINERS.........: NO                     NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 02-20-2011

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 08-01-2011 VIA GCT REL

-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION.............: ILLINOIS, NORTHERN DISTRICT
DOCKET NUMBER.....................: 06 CR 769-1
JUDGE.............................: SHADUR
DATE SENTENCED/PROBATION IMPOSED: 04-10-2007
DATE COMMITTED....................: 04-10-2007
HOW COMMITTED.....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED.................: NO

                  FELONY ASSESS   MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:   $100.00         $00.00           $00.00        $00.00

RESTITUTION...: PROPERTY:  NO   SERVICES:  NO       AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  171
OFF/CHG: 8:1326(A)(B)-ILLEGAL REENTRY INTO THE UNITED STATES; CT. 1

   SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:     61 MONTHS    15 DAYS
   TERM OF SUPERVISION............:      3 YEARS
   DATE OF OFFENSE................: 09-11-2006




   G0002          MORE PAGES TO FOLLOW . . .
```

```
 COMSQ  540*23 *              SENTENCE MONITORING            *   12-25-2007
 PAGE 002 OF 002 *             COMPUTATION DATA              *   14:25:28
                                AS OF 12-25-2007

REGNO..: 19118-424 NAME: TROWERS, GORDON E


-------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-21-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 05-23-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 04-10-2007
TOTAL TERM IN EFFECT............:      61 MONTHS      15 DAYS
TOTAL TERM IN EFFECT CONVERTED..:       5 YEARS        1 MONTHS       15 DAYS
EARLIEST DATE OF OFFENSE........: 09-11-2006

JAIL CREDIT.....................:       FROM DATE     THRU DATE
                                       09-11-2006    11-05-2006

TOTAL PRIOR CREDIT TIME.........: 56
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 241
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 08-01-2011
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 03-29-2012


PROJECTED SATISFACTION DATE.....: 08-01-2011
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS........: FED CASE IS CC WITH 4 YR. STATE CASE #06CF634. "WILLIS" CREDIT
                 APPLIED TO FEDERAL SENTENCE.










G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

*[Handwritten annotation:]* ? FROM DATE 9-11-2006 THRU DATE 4-10-2007